## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

TODD BRENT DICKSON,

      Plaintiff,

v.                                              CASE NO.  4:16cv81-RH/CAS

CHARLIE CREEL, in his official capacity
as SHERIFF, WAKULLA COUNTY,
FLORIDA et al.,

      Defendants.

_____/


## ORDER GRANTING SUMMARY JUDGMENT


This is a malicious-prosecution case. The defendant law enforcement

officers have moved for summary judgment. This order grants the motion because

the record establishes without genuine dispute that there was probable cause for the

plaintiff's arrest.

### I

The defendants Derek Lawhon and Nick Boutwell are deputy sheriffs in

Wakulla County, Florida. They had a role in an investigation that led to a state

judge's issuance of a warrant for the arrest of the plaintiff Todd Brent Dickson on

charges arising from the theft of marine batteries. After a witness died and a

codefendant recanted his statement that Mr. Dickson participated in the crimes, the state attorney dropped the charges.

Mr. Dickson filed this malicious-prosecution action against Deputy Lawhon and Deputy Boutwell in their individual capacities and against the Sheriff of Wakulla County in his official capacity. Mr. Dickson asserts claims under 42 U.S.C. § 1983 and Florida law. The defendants have moved for summary judgment.

## II

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

## III

On February 18, 2012, Wakulla County Deputy Sheriff William Stokley, who is not a defendant, responded to a report of a theft. He obtained sworn written statements from four witnesses. They said they saw a man get out of a green Ford truck and take what appeared to be two marine batteries from a neighbor's house.

One of the witnesses said she held up her hand to get the truck to stop, but the driver swerved around her and sped away. The witness wrote down the truck's tag number. She said she clearly saw the driver and also saw two other individuals in the truck. Deputy Stokley viewed two boats from which the witnesses believed the batteries were taken. He saw that the batteries were missing and the wing nuts were on the boat's floor.

Later that day, Deputy Stokley responded to another reported theft, this time at a marina. He interviewed two witnesses. They said they saw two men leave the marina and place a battery into the rear of a green Ford truck that was being driven by another man.

Officers determined that the green Ford truck belonged to Ryan Perez. A witness to the first theft and a witness to the second theft separately identified Mr. Perez in photo arrays. Officers arrested Mr. Perez and took him to the sheriff's office.

Deputy Lawhon and Deputy Boutwell, the individual defendants in this malicious-prosecution case, interviewed Mr. Perez. Mr. Perez admitted that he stole the batteries, but he claimed that he acted alone. The deputies challenged the statement, telling Mr. Perez that eyewitnesses to both thefts had seen three men. The deputies asked Mr. Perez if Mr. Dickson, the plaintiff in this malicious-

prosecution case, was one of the men with Mr. Perez. Mr. Perez continued to deny that anyone else was involved.

After the interview, Mr. Perez spoke to his mother. She told Mr. Perez to tell the officers that Mr. Dickson and another man were involved in the thefts. She says she did this because officers told her that if Mr. Perez made such a statement, he could go home, but that if he did not, he faced eight years in prison.

Deputy Lawhon and Deputy Boutwell interviewed Mr. Perez again about 30 minutes after he spoke with his mother. This time, Mr. Perez told the deputies that Mr. Dickson and a friend, "Tucker," stole the batteries using Mr. Perez's truck. Mr. Perez said they sold the batteries to a man at a specific location in Leon County.

Deputy Lawhon showed two witnesses to the second theft a photo array with a picture of Stephen "Tucker" Purvis. Both witnesses identified Mr. Purvis as a participant in the theft. One was "100% sure"; the other was less certain. The deputies arrested and interviewed Mr. Purvis. Mr. Purvis said that he, Mr. Perez, and Mr. Dickson stole batteries from boats, used Mr. Perez's truck, and later sold the batteries to a man at the same location in Leon County previously provided by Mr. Perez.

With that information, the deputies were able to identify the buyer as Michael Moseley. Mr. Moseley identified all three suspects—Mr. Perez, Mr. Purvis, and Mr. Dickson—in photo arrays.

On February 23, 2012, the deputies met with another witness, who said he saw Mr. Perez, Mr. Dickson, and a third man in a green Ford truck on the day of, and near the location of, the thefts. The witness said he personally knew Mr. Perez and Mr. Dickson. The witness immediately identified Mr. Perez and Mr. Dickson in separate photo arrays.

Based on this investigation, Deputy Lawhon and Deputy Boutwell prepared a probable-cause affidavit. An assistant state attorney submitted the affidavit in support of a warrant application. On March 5, 2012, a state judge issued an arrest warrant.

On September 27, 2013, the assistant state attorney dropped the charges. By that time, Mr. Mosely had died, Mr. Perez had recanted his statement that Mr. Dickson was involved in the thefts, and Mr. Purvis had said (or at least he has now said) he does not remember much of this because of his drug use.

IV

Probable cause is a complete defense to a federal or state malicious-prosecution claim. *See, e.g.*, *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). "A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or

is about to commit an offense." *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995) (*quoting Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990)); *see also Rankin*, 133 F.3d at 1435 (11th Cir. 1998). An officer must conduct a reasonable investigation, but the officer need not take every conceivable step to eliminate all possible defenses. *Rankin*, 133 F.3d at 1435-36.

Here the evidence known to the deputies was more than enough to establish probable cause. Mr. Dickson criticizes the officers' performance, but the controlling issue is simply whether there was probable cause to believe Mr. Dickson participated in the thefts. The suggestion that the deputies willfully brought about Mr. Dickson's arrest based on some animus toward him or his family has no support in the record.

V

For these reasons,

IT IS ORDERED:

1.  The summary-judgment motion, ECF No. 15, is granted.

2.  The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff Todd Brent Dickson recover nothing on his claims against the defendants Charlie Creel, in his official capacity as Sheriff of Wakulla County, Florida, Derek Lawhon, and Nick Boutwell. The claims are dismissed on the merits."

3.  The clerk must close the file.

SO ORDERED on November 17, 2016.

s/Robert L. Hinkle
United States District Judge